IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

ARTURO GARCIA, etc.,           )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  12 C 624
                               )
BERUMEN LAWN SERVICES, INC.,   )
et al.,                        )
                               )
          Defendants.          )

                 MEMORANDUM OPINION AND ORDER

    Berumen Lawn Services, Inc. ("Lawn Services"), having filed a motion to vacate the order of default judgment entered against it, was ordered by this Court to file its reply to the response to that motion by plaintiff Arturo Garcia ("Garcia") on or before September 25. That date came and went without any delivery to this Court's chambers of the anticipated reply, and this Court's uninterrupted involvement in a whole series of high-priority matters in other cases on its calendar resulted in the absence of a follow-up on the matter.[1] But no apologies for such a lack of judicial policing is called for, because it is of course a lawyer's responsibility to carry out his or her court-ordered

---

[1] In that respect, it should always be remembered that the commodity in shortest supply in the federal justice system is the judge's time, which by definition must be spread over a calendar comprising hundreds of cases (the very recent accession of this Court's newest colleague, Honorable Sara Ellis, to the bench has provided an accurate count in that respect--her new calendar assembled from those of all active and senior judges, as specifically calculated to provide a calendar of average size to a new judge, delivered a total of 291 cases to Judge Ellis).

obligations.

This District Court's LR 5.2(f) creates a sort of "dealer's choice"--it is up to the judge to whom a case is assigned to determine whether he or she wishes to maintain paper files or, instead, prefers to avoid hard-copy delivery in favor of electronic retrieval. Under that LR a lawyer is expected to inform himself or herself, from a judge's website, as to which of those alternatives the judge has chosen. And this Court, which relies on hard-copy filing, has expressed that requirement as the first (and emphasized) entry on its website, including a warning that noncompliance with result in a fine.

As it turns out, Lawn Services' counsel did file the required reply on time--on September 25--but counsel never delivered a copy to this Court's chambers.[2] When this Court's recent request for a staff follow-up disclosed the filing but nondelivery of the reply, it had the document printed up from the court docket by its courtroom deputy.

With the motion to vacate the default and the default judgment having been fully briefed, this Court is in a position to act on it. In part this Court disagrees with Lawn Services' legal position--it has found that substantial authority supports the proposition that a lawn service company such as Lawn Services

---

[2] Both this Court's secretary and its courtroom deputy maintain records as to all court papers received by either, and neither shows any delivery of the reply on or after September 25.

may be covered by the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§201 et seq.)--see, e.g., <u>Polycarpe v. E&S Landscaping Serv., Inc.</u>, 616 F.3d 1217 (11th Cir. 2010)(per curiam), reversing a district court's determination that a landscaping company is not subject to "enterprise" coverage under the FLSA. But in this instance such a holding does not support Garcia's judgment against Lawn Services, for the company's records reflect its gross receipts do not begin to approach the $500,000 annual figure that the statute requires for such "enterprise" coverage.

There is another possible predicate for FLSA coverage of an employer such as Lawn Services: "individual" as contrasted with "enterprise" coverage (see, e.g., <u>Tony & Susan Alamo Found. v. Sec'y of Labor</u>, 471 U.S. 290, 295 n.8 (1985)). For such individual coverage an employee must be "engaged in commerce or in the production of goods for commerce" (29 U.S.C. §207(a)(1)). On that score it appears doubtful that Garcia's work for Lawn Services would have come under that rubric.

Hence this Court is prepared to, and does, grant Lawn Services' motion to vacate the default and default judgment. That will, among other things, enable the parties to consider the prospect of settlement (as Lawn Services' counsel has indicated the company is prepared to do).

In that regard, however, this Court is constrained to address two other matters. For one thing, this Court's website

begins with a statement of its policy applicable where, as here, a party has flouted the mandate of LR 5.2(f) and the website--a policy that includes the requirement that the noncompliant litigant must pay a $100 fine to the Clerk of Court. And the other matter is prompted by Lawn Services' argument that its principal individual defendant Ismael Berumen speaks a language other than English as his primary language and has a limited ability to read, write, speak and understand English. Those facts however, cannot justify his conduct in ignoring this lawsuit against his company--conduct that caused Garcia's counsel to engage in a good deal of lawyer activity that would not otherwise have been required. Under those circumstances this Court expects that Lawn Services should undertake to bear a reasonable portion of the lawyers' fees on the other side of the "v." as part of any disposition of this litigation.[3]

                          _____
                          Milton I. Shadur
                          Senior United States District Judge

Date: November 1, 2013

---

[3] What has been said in the text refers to Lawn Services alone, because both individual defendants--Ismael Berumen and his brother--are no longer in the case.